IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **SHANE POPKO** <br> 91-1047 Waikai Street <br> Ewa Beach, HI 96706 <br><br> **Plaintiff** <br><br> v. <br><br> **TRIDENT AIRCRAFT, INC.** <br> 9475 Jet Lane <br> Easton, MD 21601 <br><br>  **Serve On Resident Agent**: <br>  John V. Galdieri III <br>  23G Queen Victoria Way <br>  Chester, MD 21619 <br><br> **AND** <br><br> **TRIDENT AIRCRAFT MAINTENANCE, INC.** <br> 200 Airport Road <br> Stevensville, MD 21666 <br><br>  **Serve On Resident Agent**: <br>  John V. Galdieri III <br>  118 Port Court <br>  Grasonville, MD 21638 <br><br> **AND** <br><br> **TRIDENT AIRCRAFT LEASING, LLC** <br> 118 Port Court <br> Grasonville, MD 21638 <br><br>  **Serve On Resident Agent**: <br>  John V. Galdieri III <br>  118 Port Court <br>  Grasonville, MD 21638 <br><br> **Defendants** | * <br> * <br> * <br> * <br> *   **Case No:** <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**COMPLAINT**

Plaintiff, Shane Popko, brings this action for injuries he sustained in a plane crash as a result of the Defendants' negligence. On June 24, 2021, Popko, a Midshipman at the Naval Academy, was receiving flight instruction from the Defendants as part of a summer program to provide prospective naval aviators flight training prior to beginning Naval Flight School. During solo flight in a Piper Warrior Aircraft owned, maintained, and inspected by the Defendants, the aircraft's engine suddenly lost power, resulting in a crash landing and severe physical injuries and lasting pain and disability to Popko, as well as the loss of his planned career as a naval aviator and professional pilot. The crash occurred as a direct and proximate result of the Defendants' negligent maintenance and inspection of the aircraft and its engine, as set forth herein.

### THE PARTIES

1. Plaintiff Shane Popko is a citizen and resident of the State of Hawaii.

2. Defendant Trident Aircraft, Inc. is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 9475 Jet Lane, Easton, Maryland 21601.

3. Defendant Trident Aircraft Maintenance, Inc. is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 9475 Jet Lane, Easton, Maryland 21601 and/or 200 Airport Road, Stevensville, Maryland 21666.

4. Defendant Trident Aircraft Leasing, LLC is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business at 9475 Jet Lane, Easton, Maryland 21601 and/or 200 Airport Road, Stevensville, Maryland 21666 and/or 118 Port Court, Grasonville, Maryland 21638.

5. On information and belief, Defendants, who are collectively referred to herein as "Trident Aircraft" and "Trident", share common ownership, with substantial ownership of all

stock in a single individual, and are operated as a single business endeavor of owning, maintaining, and providing flight instruction in a fleet of aircraft. Trident Aircraft is engaged in the business of providing aircraft instruction to Midshipmen from the Naval Academy and to local pilots, as well as other aviation services. Trident Aircraft describes its primary business activities as "Trident Flight Training" on its flighty training website, https://tridentflighttraining.com/, and its business generally on its general website, https://tridentaircraft.com.

6. Trident Aircraft's business activities include working with the U.S. Naval Academy to facilitate the Academy's Powered Flight Program, a summer program that provides prospective naval aviators flight instruction prior to beginning Naval Flight School.

7. In conducting its primary business activities, including the Powered Flight Program, Trident Aircraft provides flight training and instruction to Midshipmen flight students utilizing aircraft owned and maintained by Trident. Trident Aircraft is responsible for the airworthiness of its aircraft in which students receive instruction and training, and ensuring that its aircraft are in a condition for safe operation, including by ensuring its aircraft receive proper maintenance, preventative maintenance, repair, and inspections.

## JURISDICTION AND VENUE

8. This court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000 and the action is between citizens of different states, with Plaintiff being a citizen of the State of Hawaii, and Defendants citizens of the State of Maryland.

9. Venue is appropriate in the District of Maryland under 28 U.S.C. § 1391 in that all Defendants reside in the District of Maryland and a substantial part the events giving rise to the claim occurred in the District of Maryland.

## THE CRASH

10. During the summer of 2021, Plaintiff Shane Popko, a Midshipman at the Naval Academy participated in the Powered Flight Program conducted by Trident Aircraft so that he could receive flight training prior to beginning Naval Flight School for his planned career path of becoming a naval aviator and professional pilot.

11. On June 24, 2021, Popko was receiving instruction from Trident Aircraft in a Piper PA-28-161 ("Piper Warrior"), registered as N2143G ("the subject aircraft"), at Easton Airport, in Easton, Maryland, where Trident is based.

12. The subject aircraft was owned and maintained by Trident Aircraft and was being rented to Popko as part of the Powered Flight Program conducted by Trident.

13. On the day of the accident, Popko, accompanied by a flight instructor, conducted three takeoffs and landings, after which the instructor got out of the aircraft so that Popko could conduct three solo takeoffs and landings.

14. After Popko's second solo takeoff the subject aircraft suddenly lost engine power, requiring Popko to attempt an emergency landing in a field.

15. Upon touching down in the field the aircraft struck debris resulting in the aircraft crashing and catching fire ("the crash").

16. Popko was severely injured as a result of the crash, requiring extensive post-crash treatment and rehabilitation.

17. As a result of the crash and his injuries, Popko was not able to participate in Naval Flight School and is no longer able to pursue a career as a naval aviator or as a professional pilot.

18.     The subject aircraft lost engine power because it was not properly maintained and inspected by Trident Aircraft and was not airworthy or in a condition for safe operation on the day of the crash.

## COUNT FOR NEGLIGENCE

19.     Plaintiff realleges and incorporates herein by reference paragraphs 1 - 18 above.

20.     Trident Aircraft maintained and inspected the subject aircraft and its engine and had a duty to use reasonable care in doing so.

21.     Trident Aircraft also had a duty to use reasonable care to maintain the subject aircraft and its engine in an airworthy condition and in a condition for safe operation, and to not provide the subject aircraft and its engine to its students, including Popko, unless it was in an airworthy condition and in a condition for safe operation.

22.     The subject aircraft's engine was a four-cylinder Lycoming model O-320-D3G direct drive engine, serial number RL-13656-39A ("the subject engine").

23.     Trident disassembled and overhauled the subject engine in 2019. As part of the overhaul, Trident installed a new crank shaft, .006 undersized main bearings, and .003 undersized rod bearings.

24.     Following the overhaul, Trident certified the subject engine as airworthy on July 5, 2019. Trident subsequently installed the engine in a Piper Warrior aircraft owned by Trident and registered as N5343F.

25.     On July 11, 2019, Trident performed a 100-hour inspection of the subject engine and at the conclusion of the inspection and associated maintenance work, again certified the subject engine as airworthy. Trident did not replace the undersized main bearings or rod bearings it had installed as part of the engine overhaul.

26. On January 3, 2020, Trident performed an annual inspection of the subject engine and at the conclusion of the inspection and associated maintenance work, again certified the subject engine as airworthy. Trident did not replace the undersized main bearings or rod bearings it had installed as part of the engine overhaul.

27. On June 4, 2020, Trident performed an annual inspection of the subject engine and at the conclusion of the inspection and associated maintenance work, again certified the subject engine as airworthy. Trident did not replace the undersized main bearings or rod bearings it had installed as part of the engine overhaul.

28. On July 6, 2020, Trident removed the subject engine from N5343F, installed it in the subject aircraft (N2143G), and certified the subject engine as airworthy for the subject aircraft. In installing the engine, Trident did not properly connect the carburetor throttle linkage, and did not properly inspect the throttle linkage to ensure proper connection and installation. Trident did not replace the undersized main bearings or rod bearings it had installed as part of the engine overhaul.

29. On August 3, 2020, Trident performed a 100-hour inspection of the subject engine and at the conclusion of the inspection and associated maintenance work, again certified the subject engine as airworthy. Trident did not replace the undersized main bearings or rod bearings it had installed as part of the engine overhaul and did not properly inspect the throttle linkage to ensure proper connection and installation.

30. On May 25, 2021, Trident performed a 100-hour inspection of the subject engine and at the conclusion of the inspection and associated maintenance work, again certified the subject engine as airworthy. Trident did not replace the undersized main bearings or rod bearings it had installed as part of the engine overhaul and did not properly inspect the throttle linkage to ensure proper connection and installation.

31. A substantial factor in causing, and proximate cause of, the crash and resulting injuries to Popko was the failure to use reasonable care and negligence of Trident Aircraft in one or more of the following particulars:

    a. improperly installing undersized main bearings with a new crank shaft on the subject engine;

    b. improperly installing undersized rod bearings with a new crank shaft on the subject engine;

    c. failing to properly inspect the subject aircraft and its engine and replace improper bearings;

    d. failing to properly connect the subject engine's carburetor with the subject aircraft's throttle system and failing to adequately inspect and ensure proper installation and connections;

    e. failing to properly conduct 100-hour and annual inspections of the subject engine and the subject aircraft;

    f. failing to ensure that the subject engine and subject aircraft were in an airworthy condition and in a condition for safe operation;

    g. renting or providing the subject aircraft and its engine to Popko in an unairworthy condition and a condition unsafe for operation; and

    h. failing to warn Popko that the subject aircraft and its engine were in an unairworthy condition and a condition unsafe for operation.

32. As a direct and proximate result of Defendants' negligence the aircraft crashed and Popko sustained severe physical injuries, resulting in substantial medical treatment and rehabilitation expenses, severe and ongoing pain and suffering, ongoing disability, loss of past

income, and loss of future income, including the loss of earnings from becoming a naval aviator and career as a professional pilot.

WHEREFORE, Plaintiff seeks judgment against the Defendants in an amount to fully and fairly compensate him for his injuries and damages as determined by a jury and in excess of the jurisdictional minimum under 28 U.S.C. § 1332, for the costs of this action, for interest allowed by law, and for other just and proper relief.

Respectfully submitted,

McGowan & Cecil, LLC

_____
J. Robb Cecil, Esq.
319 Main Street, Suite 300
Laurel, Maryland 20707
(301) 483-9960
Email: robb@lawmcs.com
Bar No.: 11443
CPF No.: 8706010076
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

**SHANE POPKO**   *
91-1047 Waikai Street
Ewa Beach, HI 96706   *

    **Plaintiff**   *

       v.   *   **Case No:**

**TRIDENT AIRCRAFT, INC.**   *
9475 Jet Lane
Easton, MD 21601   *

    **Serve On Resident Agent**:   *
    John V. Galdieri III
    23G Queen Victoria Way   *
    Chester, MD 21619
                                                                            *

**AND**
                                                                              *

**TRIDENT AIRCRAFT MAINTENANCE, INC.**
200 Airport Road   *
Stevensville, MD 21666
                                                                              *

    **Serve On Resident Agent**:
    John V. Galdieri III   *
    118 Port Court
    Grasonville, MD 21638   *

**AND**   *

**TRIDENT AIRCRAFT LEASING, LLC**   *
118 Port Court
Grasonville, MD 21638   *

    **Serve On Resident Agent**:   *
    John V. Galdieri III
    118 Port Court   *
    Grasonville, MD 21638
                                                                              *

    **Defendants**
_____*

## **PRAYER FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

McGowan & Cecil, LLC

_____
J. Robb Cecil, Esq.
319 Main Street, Suite 300
Laurel, Maryland 20707
(301) 483-9960
Email: robb@lawmcs.com
Bar No.: 11443
CPF No.: 8706010076
Attorney for Plaintiff
